George and Kathryn SOWARDS,
Plaintiffs-Respondents,

v.

KALAINE, INC., Defendant-Appellant.

No. 50694.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 4, 1986.

Ray B. Marglous, Clayton, for defendant-appellant.

James J. Sauter, St. Louis, for plaintiffs-respondents.

## MEMORANDUM

### PER CURIAM.

Defendant appeals from a judgment against it in an action based upon a written agreement between the parties. Defendant has filed no transcript in this court and states in its brief that it does not contest the trial court's findings of fact. The agreement in question was in settlement of a previous uncompleted home construction contract. The settlement agreement provided that defendant would release its previous contract and note and deed of trust and would provide lien waivers. Plaintiffs promised to pay defendant $5,000 in cash and to execute a $2,000 promissory note as their consideration for the settlement contract. Plaintiffs paid the cash and executed the note. Defendant did not release the deed of trust or provide lien waivers. Defendant contends such performance was not required until payment of the promissory note. That payment was not forthcoming as specified in the note because of defendant's failure to release the deed of trust thereby delaying a previously arranged refinancing. Defendant sought by counterclaim to recover under its original construction contract in order to receive a portion of a buyout of the property by the federal government in the dioxin related Times Beach property purchases.

The trial court made extensive findings of fact and conclusions of law holding essentially that the contract consideration of plaintiffs was execution of the note and not payment of the note. Defendant's failure to perform after execution of the note constituted a breach by defendant defeating its defense to plaintiffs' action to recover the federal purchase price placed in escrow and defendant's counterclaim. We find no error in the trial court's conclusion of law and judgment.

An extended opinion would have no precedential value and the judgment is affirmed pursuant to Rule 84.16(b). Plaintiff's motion to dismiss denied.